KM

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| Lavern Sykes, | ) | No. CV 1-07-1393-JAT |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Ben McLain, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Lavern Sykes, who is confined in the Coalinga State Hospital, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). This case was reassigned to the undersigned judge on November 24, 2008. The Court will dismiss the Complaint with leave to amend.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

JDDL-K

1  (*en banc*).

2      The Court should not, however, advise the litigant how to cure the defects. This type

3  of advice "would undermine district judges' role as impartial decisionmakers." <u>Pliler v.</u>

4  <u>Ford</u>, 542 U.S. 225, 231 (2004); <u>see also</u> <u>Lopez</u>, 203 F.3d at 1131 n.13 (declining to decide

5  whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint

6  will be dismissed for failure to state a claim, with leave to amend because the Complaint may

7  possibly be saved by amendment.

8  **II.    Complaint**

9      Plaintiff names the following Defendants in the Complaint: Acting Executive Director

10  of Coalinga State Hospital Ben McLain; Acting Assistant Executive Director of Coalinga

11  State Hospital Pam Ablin; Chief Psychiatrist at Coalinga State Hospital Doctor Singh; Chief

12  Medical Officer Doctor Peter Bressier; Chief Medical Officer Rocky Spurgens; Program

13  Nursing Coordinator James Robinson; Staff Medical Physician Doctor Thirakmen;

14  Department of Police Services/Hospital Police Officer Bret Skaggs; Department of Police

15  Services/Hospital Police Officer Daniel Henry; Senior Psychiatric Technician Jessi Pena;

16  Psychiatric Technician Christine Remerez; Department of Police Services/Hospital Police

17  Officer Steven Adems; Psychiatric Technician Windy Allen; Acting Unit Supervisor on Unit

18  10 James Walters; and Unknown Coalinga State Hospital Staff.

19      Plaintiff has not divided his Complaint into separate claims for relief. However,

20  Plaintiff's allegations appear to center on three incidents in which he claims his constitutional

21  rights were violated: (1) he was stripped searched before being transferred from the hospital

22  to the San Luis Obispo County Jail; (2) after arriving at the Jail, he was denied medication

23  for treatment of his diabetes; and (3) after being injured in an accident while being

24  transported to the Jail, Plaintiff was only given Tylenol for his neck, shoulder, and back pain.

25  Plaintiff seeks injunctive relief and monetary damages.

26  **III.    Failure to State a Claim**

27      **A.    Body Searches**

28      Prisoners retain a very limited Fourth Amendment right to shield themselves from

1  being observed nude.  Michenfelder v. Sumner, 860 F.2d 328, 333-34 (9th Cir. 1988).

2  Generally, strip searches do not violate the Fourth Amendment rights of prisoners.  Id. at

3  332-33.  Strip searches that are "excessive, vindictive, harassing, or unrelated to any

4  legitimate penological interest," however, may be unconstitutional. Id. at 332.

5      Plaintiff describes a visual search of his person that lasted, by his account,

6  approximately five minutes.  Plaintiff also states that this search was conducted prior to his

7  being transferred from a hospital to a county jail.  Plaintiff's facts give no indication that the

8  search was excessive, vindictive, harassing, or unrelated to any legitimate penological

9  interest.  Accordingly, these allegations fail to state a claim.

10      **B.    Medical Claims**

11      To maintain a claim under the Eighth Amendment based on prison medical treatment,

12  a prisoner must show deliberate indifference to serious medical needs.  Estelle v. Gamble,

13  429 U.S. 97, 104 (1976).  To act with deliberate indifference, a prison official must both

14  know of and disregard an excessive risk to inmate health.  Farmer v. Brennan, 511 U.S. 825,

15  837 (1994).  The official must both be aware of facts from which the inference could be

16  drawn that a substantial risk of serious harm exists and he must also draw the inference.  Id.

17  This subjective approach focuses upon the mental attitude of the defendant.  Id. at 839.

18      "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051,

19  1060 (9th Cir. 2004).  In the medical context, deliberate indifference may be shown by (1) a

20  purposeful act or failure to respond to a prisoner's pain or possible medical need and

21  (2) harm caused by the indifference.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)

22  (citing Estelle, 429 U.S. at 104).

23      Medical malpractice or negligence is insufficient to establish a violation.  Toguchi,

24  391 F.3d at 1060.  Thus, mere negligence in diagnosing or treating a condition does not

25  violate the Eighth Amendment.  Toguchi, 391 F.3d at 1057.  Also, an inadvertent failure to

26  provide adequate medical care alone does not rise to the Eighth Amendment level.  Jett, 429

27  F.3d at 1096.  A difference in medical opinion also does not amount to deliberate

28  indifference.  Toguchi, 391 F.3d at 1058.  To prevail on a claim involving choices between

1    alternative courses of treatment, a prisoner must show that the chosen course was medically
2    unacceptable under the circumstances and was chosen in conscious disregard of an excessive
3    risk to the prisoner's health.  Id.

4         Plaintiff has failed to demonstrate deliberate indifference with respect to both his
5    diabetes and injury claims.  Plaintiff has not identified the individuals responsible for
6    denying him diabetes medication.  Plaintiff claims only that "Jane Doe Number One stated
7    'I was not given any medical reports as to any medications you are taking.'" Plaintiff then
8    states that he was not given any medication until May 11, 2007; this appears to be
9    approximately two or three weeks after his conversation with Defendant Doe.  Plaintiff does
10   not allege that Defendant Doe was responsible for the delay in his receiving medication, nor
11   does he allege that he suffered any injury as a result of the delay.

12        With respect to injuries to his back, shoulder and neck, Plaintiff has again failed to
13   identify an individual responsible for providing the medical care at issue. Further, Plaintiff
14   has alleged nothing more than a difference of opinion with respect to treatment of his
15   injuries.  Plaintiff does not allege that the chosen course of treatment–the provision of
16   Tylenol for pain–was medically unacceptable under the circumstances and chosen in
17   conscious disregard of an excessive risk to Plaintiff's health, nor does he allege any further
18   injury as a consequence of the treatment he received.

19        Plaintiff's allegations with respect to his medical treatment fail to state a claim.

20   **IV.    Leave to Amend**

21        For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
22   a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first
23   amended complaint on the form provided with this Order.  **If Plaintiff fails to use the form**
24   **provided with this Order, the Court may strike the amended complaint and dismiss this**
25   **action without further notice to Plaintiff.**

26        Plaintiff must clearly designate on the face of the document that it is the "First
27   Amended Complaint." The amended complaint must be retyped or rewritten in its entirety
28   on the form provided with this Order and may not incorporate any part of the original

JDDL-K                                                    - 4 -

1    Complaint by reference.

2         Plaintiff must comply with the instructions provided with the form.  Plaintiff should

3    pay close attention to the instructions provided with the form.  If Plaintiff fails to comply

4    with the instructions provided with the form, the Court may strike the amended complaint

5    and dismiss this action without further notice to Plaintiff.

6         Among other requirements contained in the instructions, Plaintiff is advised that the

7    instructions require him to provide information regarding the Court's jurisdiction, provide

8    information about the defendants, and divide his lawsuit into separate counts.  In each count,

9    Plaintiff must identify what federal constitutional civil right was violated, identify the issue

10   most closely involved in that count, **state which defendants violated that right and what**

11   **those defendants did to violate that right, explain how Plaintiff was injured by the**

12   **alleged violation of the constitutional right**, and identify whether Plaintiff has exhausted

13   any available administrative remedies.  Plaintiff must repeat this process for each civil right

14   that was violated.  **Plaintiff may allege only one claim per count**.

15        A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963

16   F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

17   1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as

18   nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original

19   complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d

20   565, 567 (9th Cir. 1987).

21   **V.    Warnings**

22        **A.    Address Changes**

23        Plaintiff must file and serve a notice of a change of address in accordance with Rule

24   83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include

25   a motion for other relief with a notice of change of address.  Failure to comply may result in

26   dismissal of this action.

27        **B.    Copies**

28        Plaintiff must submit an additional copy of every filing for use by the Court.  See

1  LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further
2  notice to Plaintiff.

3      **C.    Possible "Strike"**

4      Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails
5  to file an amended complaint correcting the deficiencies identified in this Order, the
6  dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).
7  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil
8  judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior
9  occasions, while incarcerated or detained in any facility, brought an action or appeal in a
10 court of the United States that was dismissed on the grounds that it is frivolous, malicious,
11 or fails to state a claim upon which relief may be granted, unless the prisoner is under
12 imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

13     **D.    Possible Dismissal**

14     If Plaintiff fails to timely comply with every provision of this Order, including these
15 warnings, the Court may dismiss this action without further notice.  See <u>Ferdik</u>, 963 F.2d at
16 1260-61 (a district court may dismiss an action for failure to comply with any order of the
17 Court).

18 **IT IS ORDERED:**

19     (1)    The Complaint (Doc. #1) is **dismissed** for failure to state a claim.  Plaintiff has
20 **30 days** from the date this Order is filed to file an amended complaint in compliance with
21 this Order.

22     (2)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of
23 Court must, without further notice, enter a judgment of dismissal of this action with prejudice
24 that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

25 . . .

26 . . .

27 . . .

28 . . .

1    (3)    The Clerk of Court must include with this Order a copy of this judge's required

2  form for filing a civil rights complaint by a prisoner.

3    DATED this 6th day of February, 2009.

4

5    _____

6    James A. Teilborg
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint in the
United States District Court for the Eastern District of California**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

7. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

Revised 12/1/08                              1

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
        Attorney for Defendant(s)
_____
(Signature)

8.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

9.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

10.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

11.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**
    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**
    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for

federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

3

**Part D.  REQUEST FOR RELIEF:**
     Print the relief you are seeking in the space provided.

**SIGNATURE:**
     You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


## FINAL NOTE


     You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

_____ ,  )
(Full Name of Plaintiff)          Plaintiff,  )
                                              )
                              vs.             )    **CASE NO.** _____
                                              )         (To be supplied by the Clerk)
(1)_____ ,  )
(Full Name of Defendant)                      )
(2)_____ ,  )
                                              )         **CIVIL RIGHTS COMPLAINT**
(3)_____ ,  )         **BY A PRISONER**
                                              )
(4)_____ ,  )    ☐ Original Complaint
                              Defendant(s).   )    ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )    ☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
         ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
         ☐ 28 U.S.C. § 1331, <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
         ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
                      (Position and Title)                                                          (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
                      (Position and Title)                                                          (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
                      (Position and Title)                                                          (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
                      (Position and Title)                                                          (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number:  _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number:  _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number:  _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count I?                     ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count I to the highest level?            ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.


2.   **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.


3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.


4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.


5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?                                                              ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count II?            ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

4

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your
institution?                                                                         ☐ Yes   ☐ No
b.    Did you submit a request for administrative relief on Count III?                ☐ Yes   ☐ No
c.    Did you appeal your request for relief on Count III to the highest level?       ☐ Yes   ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                                    DATE                                      SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.